Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2116 | **DATE** | 6/7/2002 |
| **CASE TITLE** | BON DENTE JOINT VENTURE vs. PASTEURIZED EGGS CORP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion to transfer is granted. This action is hereby transferred to the U.S. District Court of New Hampshire. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 10 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 6/7/2002 | |
| JS | | 02 JUN 10 AM 7:40 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BON DENTE JOINT VENTURE | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 2116 |
| | ) | |
| PASTEURIZED EGGS CORPORATION, | ) | **DOCKETED** |
|     Defendant. | ) | |
| | ) | JUN 1 0 2002 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Bon Dente Joint Venture ("BDJV") filed a three-count complaint against defendant Pasteurized Eggs Corporation ("PEC"). PEC has filed a motion to dismiss this action in its entirety or dismiss Counts I and III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, PEC has also moved to transfer this action to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. §1404(a). For all the reasons stated, PEC's motion to transfer is granted.

BACKGROUND

BDJV is a general partnership organized under the laws of the State of Washington with its principal place of business in Lynden, Washington. D. William Toone and R.W. Duffy Cox are BDJV's only partners. PEC is a corporation formed under the laws of the State of Delaware with its principle place of business in Meredith, New Hampshire.

PEC hold the rights to certain patents and propriety technology dealing with the pasteurization of fresh in-shell eggs. PEC's predecessor-in-interest acquired the rights to the technology from Dr. James Cox and R.W. Duffy Cox through a Patent Purchase Agreement ("Patent Agreement"). In March 1997, BDJV acquired Dr. Cox's and Mr. Cox's rights under the Patent Agreement. The complaint

alleges that in August 2001, PEC failed to comply with the payment schedule of the Patent Agreement. BDJV immediately sent a Notice of Breach and Intent to Terminate to PEC and notified PEC that PEC had thirty days to pay or suffer irrevocable termination of the Patent Agreement. Soon thereafter, the parties allegedly reached an agreement granting BDJV an exclusive license to the technology at issue. In exchange, BDJV allegedly agreed to suspend the Notice of Breach and Intent to Terminate. On September 14, 2001, BDJV and PEC entered into a "Master Agreement" which memorialized the agreement and cured the breach of the Patent Agreement.

On April 4, 2002, PEC filed suit in the United States District Court for the District of New Hampshire seeking, among other things, declaratory judgement as to its rights and obligations under the Master Agreement. BDJV filed this suit in the Northern District of Illinois on March 22, 2002 seeking, among other things, declaratory judgement that the Master Agreement is valid.

## ANALYSIS

The federal change of venue statute, 28 U.S.C. Section 1404(a), states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Therefore, for transfer to be proper under Section 1404(a), PEC must establish: (1) that venue is proper in this court; (2) that the District of New Hampshire is one where the action might have been brought; and (3) that the transfer will serve the convenience of parties and witnesses and will promote the interest of justice.

A. Forum Selection Clause and Personal Jurisdiction

Whether venue is proper in this court is undisputed in this case. Instead, BDJV argues that the District Court of New Hampshire lacks personal jurisdiction over it and also argues that the forum selection clause of the Patent Agreement dictates that the Northern District of Illinois is the only proper

2

venue. Therefore, BDJV concludes that this complaint could not have been originally brought in the District Court of New Hampshire.

Looking at the forum selection clause first, BDJV contends that forum selection clause in the Patent Agreement, which states that the parties agree to initiated any lawsuit concerning the Patent Agreement in the State of Illinois, Cook County under the laws of the State of Illinois, establishes that BDJV's suit could not have been brought in New Hampshire. BDJV's complaint, however, does not hinge on the Patent Agreement but instead hinges on the Master Agreement which does not have a forum selection clause. In looking at BDJV's complaint before this court, Count I of BDJV's complaint alleges a breach of the Patent Agreement, Count II seeks a declaratory judgment that the Master Agreement is valid, and Count III alleges that PEC in claiming that the Master Agreement was not valid interfered with the prospective business relations of BDJV. Based on proper inferences made from the allegations in BDJV's complaint, if the Master Agreement is valid, then the Master Agreement supersedes the Patent Agreement. Accordingly, as to BDJV's complaint, the forum selection clause of the Patent Agreement does not bound any party to Illinois as a forum by which any parties attempts to secure its rights under the Master Agreement.

In diversity cases a federal court has personal jurisdiction over the parties only if a court in the state in which the federal court sits would have such jurisdiction. Klump v. Duffus, 71 F.3d 1368, 1371 (7th Cir.1995). To determine whether the District Court of New Hampshire has personal jurisdiction for this purpose, this court first must decide whether the BDJV is subject to personal jurisdiction under the State of New Hampshire's long-arm statute and, if so, whether exercising jurisdiction under that statute is consistent with the due process requirements of the Fourteenth Amendment. Sawtelle v. Farrell, 70 F.3d 1381, 1387-1388 (1st Cir. 1995); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201,

3

204 (1st Cir.1994). The New Hampshire long-arm statute applicable to foreign corporations, see N.H.Rev.Stat. Ann. § 293-A:15-10 (Supp.1999), has been interpreted to be coextensive with federal constitutional limits on jurisdiction, see Sawtelle, 70 F.3d at 1388. As a result, the traditional two-part personal jurisdiction inquiry collapses into the single question of whether the constitutional requirements of due process have been met.

In order for the requirements of due process to be met, a defendant must have purposefully established minimum contacts with the forum. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The generalized foreseeability of the defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction. Burger King, 471 U.S. at 474, 105 S.Ct. 2174. Instead, whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being hailed into court there is the crucial inquiry. Id. To establish such a reasonable anticipation the defendant must have purposefully availed itself of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws. Burger King, 471 U.S. at 474-75, 105 S.Ct. 2174. Once minimum contacts have been shown to exist, a court must examine other factors, such as the forum's interest in adjudicating the dispute and the burden on the defendant, to determine whether the exercise of personal jurisdiction satisfies traditional notions of fair play and substantial justice. Burger King, 471 U.S. at 476-77, 105 S.Ct. 2174. In certain limited circumstances, these factors may show that a forum has such a strong interest in adjudicating a dispute that a lesser showing of minimum contacts than is normally the case may suffice for jurisdiction. Id. at 477, 105 S.Ct. 2174. To exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to these minimum contacts that sufficiently comport with fairness and justice. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868.

In the case at bar, this court finds that the State of New Hampshire has specific personal jurisdiction over BDJV, and therefore BDJV's complaint now before this court could have been brought originally in the District of New Hampshire.

In looking at the purposeful availment of BDJV, this court finds that BDJV could have reasonable anticipated being haled into court in New Hampshire because BDJV had engaged in extensive negotiations with a citizen of New Hampshire in an attempt to cure alleged breaches in a patent purchase agreement. Furthermore, BDJV purposeful availed itself to the privileged of conducting business with a citizen of New Hampshire by negotiating and ultimately forming a subsequent license agreement with a corporation whose principle place of business is in New Hampshire. PEC's alleged breaches, the Notice of Breach and Intent to Terminate, the subsequent negotiations, and the formation of the Master Agreement all required BDJV to communicate with PEC. These communications, negotiations, and formation brought BDJV into contractual privity with a citizen of New Hampshire, and this privity, as well as, its other contacts with a citizen of New Hampshire made it reasonably foreseeable that BDJV could be haled into court in New Hampshire.

As to relatedness, this court finds that BDJV's complaint is necessarily related to BDJV New Hampshire activities. The basis of BDJV's complaint is the Master Agreement. BDJV entered into a Master Agreement with PEC which was signed by Mr. Cox, individually and as the general partner of BDJV. This Master Agreement constituted a license agreement between PEC and BDJV where PEC granted BDJV exclusive right to use PEC's technology in the southwestern region of the United States and called for the payment by PEC of certain monies to BDJV. Accordingly, because BDJV's claims are based the Master Agreement, the relatedness test is easily satisfied. Finally, in evaluating the reasonableness of BDJV being haled into a New Hampshire court, this court finds that BDJV's burden

of appearing in New Hampshire would be no greater than having to appear here in Illinois since BDJV is a Washington joint venture. This court also finds that New Hampshire has a strong interest in adjudicating this dispute since PEC, one of its citizens claims to be a victim of foul play and deception as PEC so claims in this motion to transfer and its first-filed complaint pending in New Hampshire. Accordingly, this court finds that is it is reasonable for BDJV to be haled into New Hampshire's court.

Based on BDJV's minimum contacts in New Hampshire, New Hampshire's inherent interest in adjudicating the contracts entered into by one of its citizens, and New Hampshire's strong interest in protecting its citizens from deceptive practices, this court finds that the District Court of New Hampshire has specific personal jurisdiction over BDJV. Accordingly, BDJV's complaint could have been properly originally brought in New Hampshire.

B.   Propriety of the Venue

The general venue statute provides that an action may be brought in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..." 28 U.S.C. § 1391(b). When applying this provision, a court must look "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim." Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir.2001). Using this standard, venue may well exist in several different jurisdictions where a substantial part of the events giving rise to the claim took place. See First of Michigan Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir.1998). In this case, this court finds that the District of New Hampshire is a proper venue for the adjudication of this dispute for the same reasons that it has specific personal jurisdiction over BDJV.

C.  Convenience of the Parties and Witnesses and the Interests of Justice

In support of its motion to transfer, PEC states, and BDJV does not dispute, that PEC has already sued BDJV and others in federal court in New Hampshire. PEC contends, therefore, that the disputes in this lawsuit are already at issue in the first-filed New Hampshire action, and that the New Hampshire litigation includes all of the parties necessary for a complete resolution of this case. PEC concludes that as a matter of equity, justice and efficiency, this complaint should be transferred to the United States District Court for the District of New Hampshire. BDJV argues that based on the Patent Agreement, Illinois is the most convenient forum.

Similar to BDJV's complaint before this court, PEC's complaint in New Hampshire does not address the Patent Agreement. Instead, PEC's complaint focuses on the Master Agreement as does BDJV's complaint before this court. In reviewing both complaints, this court finds that the threshold issue of both cases is whether the Master Agreement is a valid enforceable contract, an issue already before the United States District Court in New Hampshire. As a result, this court finds that New Hampshire is certainly as convenient a forum for the parties as Illinois. Furthermore, this court finds that since both complaints center on the Master Agreement, New Hampshire, where the corporate records and files of PEC are located, is probably the most convenient forum. Furthermore, PEC has already established that New Hampshire is most convenient to it by filing its lawsuit in that forum. Therefore, based on all these facts, this court finds that the District of New Hampshire the most convenient forum for the parties and the witnesses.

Additionally, addressing the interest of justice requirement which is necessary in considering transfer of venue, this court finds that the relative ease and access to sources of proof and judicial economy weigh heavily in favor of transfer to the District Court of New Hampshire.

7

## CONCLUSION

Based upon consideration of all of the relevant factors under 28 U.S.C. Section 1404(a), this court determines that defendant PEC's motion to transfer must be granted. Overall, transfer will be more convenient for both the parties and the witnesses and will best serve the interest of justice. Therefore, pursuant to 28 U.S.C. Section 1404(a) this case is ordered to be transferred to the District of New Hampshire.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: June 7, 2002